UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN HENSCHKE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14CV01570 AGF |
| | ) | |
| REPUBLIC SERVICES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion for leave to file an amended complaint that effectively dismisses their negligence claim and Allied Services, LLC ("Allied") as a Defendant. For the reasons set forth below, the Court will reserve ruling on the motion, to give Plaintiffs a chance to clarify whether they intend to dismiss the negligence claim and Allied as a Defendant with or without prejudice.

## BACKGROUND

Plaintiffs initially filed this action against three Defendants — Republic Services, Inc. ("Republic"), Allied, and Bridgeton Landfill, LLC — alleging that an underground fire/subsurface smoldering event occurring at the landfill, collectively owned and operated by Defendants, emitted an obnoxious odor and resulted in a temporary nuisance, caused by Defendants' negligence. On March 31, 2016, all Defendants filed a joint motion for partial summary judgment on Plaintiffs' claim of negligence, and Republic and Allied filed a separate joint motion for summary judgment with regard to their liability.

On May 23, 2016, by which time the deadline (June 30, 2015) for amendment of pleadings had already passed, Plaintiffs filed the present motion to amend their complaint. The proposed amended complaint effectively dismisses the negligence claim against all Defendants, and also dismisses Allied as a Defendant. In addition, the amended complaint adds that the underground fire and Defendants' failure to remediate it constituted an "unreasonable use" of Defendants' property, causing the nuisance.

Defendants object on the grounds that Plaintiffs are seeking to amend the complaint only to avoid Defendants' motions for summary judgment, and an amendment at this time will unduly prejudice Defendants and delay the case. Defendants further argue that Plaintiffs are improperly adding "important substantive allegations" by adding the language with regard to the "unreasonable use" of the land.

Plaintiffs reply that the Court should allow the amendment because it narrows the legal issues before the Court, does not bring any new claims against Defendants, and will not delay the litigation. Plaintiffs further reply that Defendants have been well aware of Plaintiffs' nuisance claim, of which "unreasonable use" is an element. Therefore, Plaintiffs argue, the proposed amended complaint raises no new allegations.

## **DISCUSSION**

When the deadline for amendment of pleadings has passed, the party requesting leave to file an amended pleading must show "good cause" as well as obtain the court's consent. Fed. R. Civ. P. 16(b)(4); *see also Trim Fit, LLC v. Dickey*, 607 F.3d 528, 531 (8th Cir. 2010). A court may deny a motion to amend after the deadline for amendment

has passed, upon a showing of undue prejudice to the other party. *Trim Fit*, 607 F.3d at 531.

The Court agrees with Plaintiffs that allowing the amendment would not prejudice Defendants or delay the case, provided that the negligence claim and Allied as a Defendant are dismissed with prejudice, as more fully discussed below. Defendants cite various cases in which courts denied motions to amend after the deadlines for amendment had passed. However, those cases are distinguishable because the moving parties therein attempted to add additional claims or change the claims. Here, Plaintiffs' amendment would eliminate a claim and dismiss a party.

Under Missouri law, "[n]uisance is the unreasonable, unusual, or unnatural use of one's property so that it substantially impairs the right of another to peacefully enjoy his property." *Philips v. Citimortgage, Inc.*, 430 S.W.3d 324, 332 (Mo. Ct. App. 2014). Because reasonableness is an element of a nuisance claim, the Court does not believe Plaintiffs have raised new allegations by adding "unreasonable use" into the amended complaint, when they already pled nuisance in their original complaint.

However, it is unclear to the Court whether Plaintiffs intend their dismissal of their negligence claim and of Allied as a Defendant to be with or without prejudice. Given that the motion to amend was filed after all Defendants moved for partial summary judgment on the negligence claim, and after Allied moved for summary judgment on the issue of liability, the Court will not grant the motion unless the dismissals are to be with prejudice. *See Leffall v. City of Elsberry, Mo.*, No. 4:15-CV-398-SPM, 2016 WL 2866422, at *5 (E.D. Mo. May 17, 2016) (construing the plaintiff's voluntary dismissal of a claim, after a

3

motion for summary judgment on that claim had been filed by the defendants, as a motion to dismiss the claim without prejudice; granting the motion to dismiss, but specifying that the dismissal was with prejudice, as a dismissal without prejudice would unduly prejudice the defendants).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs shall have seven (7) days from the date of this Memorandum and Order to notify the Court whether they intend to dismiss the negligence claim and Allied as a Defendant with or without prejudice. If Plaintiffs intend to dismiss the negligence claim and Allied as a Defendant with prejudice, the Court will grant the motion to amend. If Plaintiffs intend to dismiss the negligence claim and Allied as a Defendant without prejudice, the Court will deny the motion to amend. If Plaintiffs do not respond within the prescribed time, the Court will grant the motion to amend, specifying that the negligence claim and Allied as a Defendant are dismissed with prejudice.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of June, 2016.